1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| The Trustees of the LOCAL 309 WIREMAN'S PENSION TRUST; The Trustees of the LOCAL 309 ELECTRICAL HEALTH AND WELFARE FUND; The Trustees of the LOCAL 309 VACATION TRUST FUND; The Trustees of the SOUTHWESTERN ILLINOIS JOINT APPRENTICESHIP AND TRAININGCOMMITTEE; The Trustees of the LOCAL 309, IBEW INCOME SECURITY FUND; and LOCAL 309, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO<br><br>Plaintiffs,<br><br>vs.<br><br>K & F ELECTRIC, INC.,<br><br>Defendant. | Case No: 3:20-cv-409 |

Serve: Robert W. Zak, Jr.
       President
       240 Larkin Williams Industrial Ct.
       Fenton, MO 63026

**COMPLAINT**

**PARTIES**

1.    As set forth more fully below, Plaintiffs are trustees of various employee welfare, pension, and other benefit plans and funds.

2.    Plaintiff Local 309 International Brotherhood of Electrical Workers, AFL-CIO, (herein "Local 309") is a voluntary unincorporated association with its principal office in Collinsville, IL.  Local 309 exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, terms and conditions of employment and for

2

other purposes. It is a labor organization in an industry affecting commerce within the meaning of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 USC § 141 et. seq.

3. Defendant K & F Electric, Inc. ("Defendant") is incorporated and existing under the laws of the State of Illinois. At all times relevant to this action Defendant has been engaged in the electrical construction business with its principal place of business at 2622 West Blvd, Belleville, IL 62221.

4. Defendant is an employer within the meaning of the LMRA, as amended, 29 U.S.C. § 185 and within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## JURISDICTION AND VENUE

5. This action arises under Section 301 of the LMRA, 29 U.S.C. § 185, and Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §§ 1132 and 1145, each of which provide that Federal District Courts have jurisdiction over suits thereunder.

6. Venue is proper in this Court in that an action brought by Trust Fund fiduciaries may be brought in a District where the breach took place, where a defendant resides or may be found, or where the plan is administered. Section 502(e)(2) of ERISA, 29 U.S.C.§ 1132(e)(2). Defendant resides in this district.

7. Venue is also proper in this Court under 28 U.S.C. §1391(b) in that a substantial part of events or omissions giving rise to this claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

8. On October 15, 1996, Robert W. Zak, Jr., President, signed a "Letter of Assent-A" binding Defendant to the Southwestern Illinois Inside Labor Agreement then in effect, and all

3

subsequent Southwestern Illinois Inside Labor Agreements between Local 309 and the Southwestern Illinois Division-Illinois Chapter, NECA. (Ex. A).

9. The Trust Agreements and Declarations of Trusts of the Plaintiff Trust Funds are incorporated into the Southwestern Illinois Inside Agreements by reference.

10. At all times relevant hereto, Defendant has employed bargaining unit employees covered by the Southwestern Illinois Inside Agreements.

11. During all times material herein, Defendant has been obligated by the provisions of the Southwestern Illinois Inside Agreements to file reports and pay the monthly contributions due to Plaintiff employee benefit trust funds for the benefit of eligible bargaining unit employees who are covered under the Trust Agreements and Trust Plans and to withhold authorized working dues from the paychecks of covered employees, and to report and pay those dues monthly along with the employee benefit contributions.

12. For the months of May 2018 through June 2018 and August 2018, the Defendant filed reports and paid contributions to Plaintiffs but failed to do so in the time required by the Labor Agreements.

13. For the months of October 2019 through December 2019 and February 2020, Defendant filed reports but failed to pay all of the contributions and working dues owed to Plaintiffs for hours worked and wages earned by its bargaining unit employees as required by the Labor Agreements. Defendant's failure to pay these contributions and working dues is a continuing violation of the Labor Agreement and ERISA.

14. Under Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Labor Agreements and Trust Agreements incorporated therein, Defendant is also obligated to pay Plaintiffs' attorneys' fees and costs incurred in collecting these unpaid contributions.

4
## COUNT I – LOCAL 309 WIREMAN'S PENSION TRUST CLAIMS

**COME NOW** Plaintiffs, Trustees of the Local 309 Wireman's Pension Fund (herein "Pension Fund"), and for their cause of action state:

15. Plaintiffs reallege and incorporate as part of Count I paragraphs 1 – 14 as if set out herein in full.

16. The Pension Fund is a covered "employee benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in Collinsville, Illinois. It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

17. Plaintiffs Tom Wissehr, Carlos Perez, Joe Barnard, Rob Coppersmith, Robert Snell and Tim Evans, are Trustees of the Pension Trust and control and manage the operation and administration of the Pension Trust. The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

18. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds. The Trustees of the Pension Fund have duly set rates for interest and liquidated damages.

19. Defendant owes a certain amount in interest and liquidated damages on the late paid contributions for the months of May 2018 through June 2018 and August 2018.

20. Defendant will owe interest and liquidated damages on the late paid contributions owed for the months of October 2019 through December 2019 and February 2020. The Pension Fund cannot calculate the amount of interest and liquidated damages on these unpaid contributions until Defendant pays them.

5

**WHEREFORE**, the Trustees of the Pension Fund pray for an order and judgment against Defendant:

A.     For payment of unpaid and delinquent contributions owed by the Defendant to the Pension Fund for the months of October 2019 through December 2019 and February 2020.

B.     For payment of interest and liquidated damages on the late paid contributions for the months of May 2018 through June 2018 and August 2018 and the unpaid contributions owed for the months of October 2019 through December 2019 and February 2020.

C.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D.     For such further relief as the Court deems just, equitable and appropriate.

### COUNT II – LOCAL 309 HEALTH AND WELFARE FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees for the Local 309 Health and Welfare Fund (herein "Welfare Fund"), and for their cause of action state:

21.    Plaintiffs reallege and incorporate Paragraphs 1 – 14 as if set out herein in full.

22.    The Welfare Fund is a covered "employee benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and is administered in St. Louis, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

23.    Plaintiffs Gary Bland, Tim Evans, Kenneth Keeney, Michael Stuart, Matthew Eichholz and Charles Busch are Trustees of the Health and Welfare Fund and control and manage the operation and administration of the Health and Welfare Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

6

24. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds.  The Trustees of the Welfare Fund have duly set rates for interest and liquidated damages.

25. Defendant owes a certain amount in interest and liquidated damages on the late paid contributions for the months of May 2018 through June 2018 and August 2018.

26. Defendant will owe interest and liquidated damages on the late paid contributions owed for the months of October 2019 through December 2019 and February 2020.  The Welfare Fund cannot calculate the amount of interest and liquidated damages on these unpaid contributions until Defendant pays them.

**WHEREFORE**, the Trustees of the Welfare Fund pray for an order and judgment against Defendant:

A. For payment of unpaid and delinquent contributions owed by the Defendant to the Welfare Fund for the months of October 2019 through December 2019 and February 2020.

B. For payment of interest and liquidated damages on the late paid contributions for the months of May 2018 through June 2018 and August 2018 and the unpaid contributions owed for the months of October 2019 through December 2019 and February 2020.

C. For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D. For such further relief as the Court deems just, equitable and appropriate.

### **COUNT III – LOCAL 309 VACATION TRUST FUND CLAIMS**

**COME NOW** Plaintiffs, Trustees of the IBEW, Local 309 Vacation Trust Fund (herein the "Vacation Fund"), and for their cause of action state:

27. Plaintiffs reallege and incorporate Paragraphs 1 – 14 as if set out herein in full.

28. The Vacation Fund is a covered "employee benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in Collinsville, Illinois. It is a multi-employer plan as defined by Section 515 of ERISA, 29 U.S.C. § 1145.

29. Plaintiffs Gary Bland, Tim Evans, Kenneth Keeney, Michael Stuart, Matthew Eichholz and Charles Busch are Trustees of the Vacation Fund and control and manage the operation and administration of the Vacation Fund. The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

30. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds. The Trustees of the Vacation Fund have duly set rates for interest and liquidated damages.

31. Defendant owes a certain amount in interest and liquidated damages on the late paid contributions for the months of May 2018 through June 2018 and August 2018.

32. Defendant will owe interest and liquidated damages on the late paid contributions owed for the months of October 2019 through December 2019 and February 2020. The Vacation Fund cannot calculate the amount of interest and liquidated damages on these unpaid contributions until Defendant pays them.

**WHEREFORE**, the Trustees of the Vacation Fund pray for an order and judgment against Defendant:

A. For payment of unpaid and delinquent contributions owed by the Defendant to the Vacation Fund for the months of October 2019 through December 2019 and February 2020.

8

B.    For payment of interest and liquidated damages on the late paid contributions for the months of May 2018 through June 2018 and August 2018 and the unpaid contributions owed for the months of October 2019 through December 2019 and February 2020.

C.    For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D.    For such further relief as the Court deems just, equitable and appropriate.

## COUNT IV – SOUTHWESTERN ILLINOIS JOINT APPRENTICESHIP AND TRAINING COMMITTEE

**COME NOW** Plaintiffs, the Trustees for the Southwestern Illinois Joint Apprenticeship and Training Committee (herein "JATC), and for their cause of action state:

33.    Plaintiffs reallege and incorporate Paragraphs 1 – 14 as if set out herein in full.

34.    The JATC is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in Collinsville, Illinois. It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

35.    Plaintiffs Matt Riebeling, Chris Weir, Larry Glaenzer, Jason Stief, Leslie E. Benton and Steve Lodes are Trustees of the JATC and control and manage the operation and administration of the JATC. The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

36.    Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds. The Trustees of the JATC have duly set rates for interest and liquidated damages.

37. Defendant owes a certain amount in interest and liquidated damages on the late paid contributions for the months of May 2018 through June 2018 and August 2018.

38. Defendant will owe interest and liquidated damages on the late paid contributions owed for the months of October 2019 through December 2019 and February 2020.  The JATC cannot calculate the amount of interest and liquidated damages on these unpaid contributions until Defendant pays them.

**WHEREFORE**, the Trustees of the JATC pray for an order and judgment against Defendant:

A. For payment of unpaid and delinquent contributions owed by the Defendant to the JATC for the months of October 2019 through December 2019 and February 2020.

B. For payment of interest and liquidated damages on the late paid contributions for the months of May 2018 through June 2018 and August 2018 and the unpaid contributions owed for the months of October 2019 through December 2019 and February 2020.

C. For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D. For such further relief as the Court deems just, equitable and appropriate.

**COUNT V – LOCAL 309, IBEW INCOME SECURITY FUND CLAIMS**

**COME NOW** Plaintiffs, the Trustees for the Local 309, IBEW Income Security Fund ("Income Security Fund") and for their cause of action state:

39. Plaintiffs reallege and incorporate Paragraphs 1 – 14 as if set out herein in full.

40. The Income Security Fund is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in Collinsville, Illinois.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

41. Plaintiffs Gary Bland, Tim Evans, Kenneth Keeney, Michael Stuart, Matthew Eichholz and Charles Busch are Trustees of the Vacation Fund and control and manage the operation and administration of the Income Security Fund. The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

42. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds. The Trustees of the Income Security Fund have duly set rates for interest and liquidated damages.

43. Defendant owes a certain amount in interest and liquidated damages on the late paid contributions for the months of May 2018 through June 2018 and August 2018.

44. Defendant will owe interest and liquidated damages on the late paid contributions owed for the months of October 2019 through December 2019 and February 2020. The Income Security Fund cannot calculate the amount of interest and liquidated damages on these unpaid contributions until Defendant pays them.

**WHEREFORE**, the Trustees of the Income Security Fund pray for an order and judgment against Defendant:

A. For payment of unpaid and delinquent contributions owed by the Defendant to the JATC for the months of October 2019 through December 2019 and February 2020.

B. For payment of interest and liquidated damages on the late paid contributions for the months of May 2018 through June 2018 and August 2018 and the unpaid contributions owed for the months of October 2019 through December 2019 and February 2020.

11

C. For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

D. For such further relief as the Court deems just, equitable and appropriate.

## COUNT VI – LOCAL UNION NO. 309

**COME NOW** Plaintiffs, Local 702, and for its cause of action states:

45. Plaintiffs reallege and incorporate as part of Count VI paragraphs 1 – 16 as if set out herein in full.

46. Local 309's claims are for breach of contract and arise under Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185.41.

**WHEREFORE**, the Local 309 prays for an order and judgment against Defendant:

A. For payment of the unpaid working dues owed to Local 309 for the months of October 2019 through December 2019 and February 2020.

B. For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter.

C. For such further relief as the Court deems just, equitable and appropriate.

## COUNT VII – BREACH OF CONTRACT

**COME NOW** Plaintiffs Local 309, the Trustees of the Pension Fund, the Trustees of the Health and Welfare Fund, the Trustees of the Vacation Fund, the Trustees of the Local 309 Wireman's Pension, the Trustees of the JATC, and the Trustees of the Income Security Fund (collectively the "Funds") state as follows:

47. Plaintiffs re-allege and incorporate as part of Count VII, paragraphs 1-46 as if set out here in full.

12

48. This cause of action is for breach of contract between Plaintiffs and Defendant for payment of unpaid employee benefit contributions, interest, liquidated damages, costs and attorneys' fees due under Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, and Section 301 of the LMRA, as amended, 29 U.S.C. §185.

49. This Court has exclusive and preemptive jurisdiction to adjudicate the Local Funds' rights to amounts arising and due under ERISA and the LMRA, which are laws of the United States.

50. On February 5, 2020, Defendant, via Robert W. Zak, its President and duly authorized representative, entered into a Payment Agreement with the Funds providing for the payment of unpaid employee benefit contributions, working dues, attorneys' fees and costs in equal monthly installments from February 7, 2020 through May 15, 2020. (Ex. B).

51. Defendant expressly acknowledged in the Payment Agreement that it owed the Funds $109,900.32 in unpaid contributions and working dues for the months of October 2019 through December 2019, $25,865.04 in interest and liquidated damages on those unpaid contributions, $27,709.57 in interest and liquidated damages on the untimely contributions for May through June and August 2018 and that its failure to pay these contributions was a violation of the labor agreement and ERISA.

52. Defendant further acknowledged in the Payment Agreement a total obligation of $163,474.93, plus interest and liquidated damages on the unpaid contributions.

53. Defendant has failed to pay the monthly installments from March 31, 2020 forward and failed to keep current by not paying monthly contributions and working dues for the months of February 2020.

13

54. Defendant's failure to pay the monthly installments due under the Payment Agreement and failure to keep current is a breach of the Payment Agreement. This breach is a violation of Section 515 of ERISA and Section 301 of the LMRA.

55. Pursuant to the terms of the Payment Agreement, on April 2, 2020, counsel for the Funds sent a Notice of Breach to counsel for Defendant advising Defendant of its breach of the Payment Agreement. (Ex. C).

56. Defendant has failed to cure the breach of the Payment Agreement and, therefore, is in default.

57. Under the Payment Agreement, Defendant agreed that, if it defaulted, then the full amount of contributions, interest, liquidated damages, attorneys' fees and costs owed to the Funds under the Payment Agreement, minus any payments received from or on behalf of the Defendant, would become immediately due and owing, as well as any additional interest and liquidated damages which would have otherwise accrued on the unpaid contributions and attorneys' fees incurred.

58. Defendant further agreed that in the event of default the Funds could file suit immediately, and that Defendant would not contest liability, that a copy of the Payment Agreement would constitute conclusive proof of amounts due, and that it would be responsible for any attorneys' fees and costs incurred in enforcing the terms of the Payment Agreement.

59. The remaining balance due under the Payment Agreement is $99,734.69. The Funds have exercised their right to accelerate this balance due under the Agreement, and Defendant must immediately pay this amount plus interest, liquidated damages, attorneys' fees and costs, which continue to accrue.

**WHEREFORE**, the Funds pray for an order and judgment against Defendant:

14

A. For payment of $99,734.69 due under the Payment Agreement; and

B. For payment of contributions and dues for the period of February 2020 through the present: and

C. For payment of interest and liquidated damages on the remaining unpaid contributions that would have otherwise continued to accrue; and

D. For reasonable attorneys' fees and costs; and

E. For such further relief as the Court deems just, equitable and appropriate.

Respectfully submitted,

SCHUCHAT, COOK & WERNER

*/s/Matthew B. Leppert*
Matthew B. Leppert (52815MO)
William P. Suggs (71198MO)
Schuchat, Cook & Werner
1221 Locust Street, 2nd Floor
St. Louis, MO 63103
314-621-2626
314-621-2378 - Fax
mbl@schuchatcw.com
wps@schuchatcw.com

813027.doc